UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMANNE CUTCHIN,<br><br>　　　　　　　Petitioner,<br><br>　　　v.<br><br>SENTENCE COMPUTATION CENTER, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 22-CV-665 (JMC) |

**MEMORANDUM OPINION**

Pro se Petitioner Demanne Cutchin brought this habeas corpus action to challenge the computation of his sentences imposed by the Superior Court of the District of Columbia.[1] The United States responds that the petition is barred by res judicata, is successive, and is meritless. ECF 11 at 1.[2] Because Cutchin's custody comports with the U.S. Constitution and D.C. law, the petition is **DENIED.**

**I.　BACKGROUND**

The Court gleans the following facts primarily from this District's denial of Cutchin's prior Section 2241 petition. *See generally Cutchin v. U.S. Parole Comm'n* (*Cutchin I*), 72 F. Supp. 3d 154 (D.D.C. 2014). On November 24, 1992, Cutchin was sentenced to an aggregate prison term

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

[2] The Government has not articulated a reason to dismiss the petition as "successive," which, if shown, would deprive this Court of jurisdiction. *See* 28 U.S.C. § 2244(b)(3). Because the successive habeas rule applies to a "claim presented in a second or successive habeas corpus application under section 2254," *id.* § 2244(b)(1), the Court concludes that it has jurisdiction over the instant petition brought under Section 2241. *See Stern v. Fed. Bureau of Prisons*, 601 F. Supp. 2d 303, 305–06 (D.D.C. 2009) (challenges to the execution of a sentence, as opposed to the criminal judgment itself, are properly brought under Section 2241) (citing cases).

of 18 years for multiple convictions. *Id.* at 155. He was first released to parole supervision on April 10, 1998, where he was to remain until his sentence expired. *Id.* However, on August 21, 1998, pursuant to its authority under D.C. Code § 24-131(a), the U.S. Parole Commission revoked Cutchin's parole. *Id.* Since then, Cutchin has been subject to multiple parole revocations. *See id.* at 155–57 (recounting convictions and parole revocations from 1998 to 2012); ECF 11 at 4–5 (recounting parole revocations from 2016 to 2022). Under D.C. law prior to May 20, 2009, each revocation erased the number of days a parolee had spent on parole as though they were never served. D.C. Code § 24-406(b) (repealed May 20, 2009). Since then, a parolee may—under certain circumstances—receive "credit toward completion of the sentence for all time served on parole." D.C. Code § 24-406(c)(1). With that in mind, Cutchin's current maximum release date is January 9, 2024. ECF 11 at 7. His petition challenging his sentence was filed on March 7, 2022. ECF 1.

## II.   LEGAL STANDARD

### A. Habeas Corpus

The writ of habeas corpus may extend to a District of Columbia prisoner when it is shown that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . , unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243. "The allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." *Id.* § 2248.

### B. Res Judicata

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

Claim preclusion "forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id*. (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id*.; *see also U.S. Postal Serv. v. Am. Postal Workers Union*, 553 F.3d 686, 696 (D.C. Cir. 2009) ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.").

### III. ANALYSIS

#### A. Res Judicata

The Government asserts that the instant petition is barred by res judicata due to *Cutchin I*. The Court agrees, but only with respect to the sentence computations that were or could have been addressed in that case. Cutchin insists that his "sentence has been served day for day and completed also from new law retroactive." ECF 1 at 1. Yet, as the Court observed in *Cutchin I*, the relevant D.C. Code provisions that took effect in May 2009 "do not apply retroactively, . . . and the new law does not affect petitioner's revocations in 1998, 2001, 2006 and 2008." 72 F. Supp. 3d at 158 n.4 (citing D.C. Code § 24-206(d)).

#### B. Entitlement to the Writ

To the extent that Cutchin challenges the sentence computations following his revocations between 2016 and 2022, he has not stated a ground for relief. Although a D.C. prisoner does not have a constitutional or statutory right to parole, one released to parole is entitled to due process before their conditional liberty is terminated. *See Ellis v. District of Columbia*, 84 F.3d 1413, 1420–24 (D.C. Cir. 1996). However, in this context "informal procedures . . . suffice" because

3

"the full panoply of rights due a defendant in a criminal prosecution does not apply to parole revocations." *Id.* at 1423 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).

Here, Cutchin has not identified which of his numerous sentence computations violates the Due Process Clause, or any other constitutional or statutory provision for that matter, and it is not the Court's role "to sift and sort through the record." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996). In contrast, the Government has presented evidence that Cutchin's revocation proceedings were lawful and that Cutchin even "assented to at least two revocations over the past several years." ECF 11 at 4–5, 8; *see Duckett v. Quick*, 282 F.3d 844, 847 (D.C. Cir. 2002) (only revocation decisions "either totally lacking in evidentiary support or . . . so irrational as to be fundamentally unfair . . . would violate due process"). The Government has further provided over 30 exhibits supporting its contention that his sentence has been calculated accurately—taking into account Cutchin's revocations, his parole is set to expire on January 9, 2024. Therefore, the petition for a writ of habeas corpus is **DENIED.**

A separate order accompanies this opinion.

                                                                             _____
JIA M. COBB
United States District Judge

Date: January 3, 2024